11/03/05  THU 15:05 FAX 303 6██ 2559        AURORA SC                                    ☑007

FROM                                         (WED) NOV  2 2005  1:28/ST. 1:26/No. 6868516341 P  6



District Court, Boulder County, Colorado

| | | |
|---|---|---|
| Court Address: | Boulder County Justice Center<br>P.O. Box 4249<br>1777 Sixth Street<br>Boulder, CO 80306<br>303-441-3767 | |
| **Plaintiffs:**<br>Mark A. Meyer and<br>Debbie Meyer<br><br>**Defendants:**<br>John Mitchell and<br>Garth McWilliams | | σ COURT USE ONLY σ<br><br>Case Number:<br><br>Div.        Ctrm: |
| Attorneys for Plaintiffs, Mark Meyer and Debbie Meyer<br><br>Name:        BRUCE A. MENK<br>Address:     Hall & Evans, L.L.C.<br>1125 – 17ᵗʰ Street, #600<br>Denver, Colorado 80202-<br>Phone Number:    303-628-3348<br>Fax #:           303-825-4978<br>E-mail:          menkb@hallevans.com<br>Atty. Reg #:     #6293 | | |

## COMPLAINT and JURY DEMAND

COME NOW the Plaintiffs, Mark A. Meyer and Debbie Meyer, by and through their attorneys, Hall & Evans, L.L.C., and for their Complaint against Defendants John Mitchell and Garth McWilliams, state and allege as follows.

### JURISDICTION AND VENUE

1.      At all times relevant hereto, the Plaintiffs were and are residents of the State of Indiana.



2.    At all times relevant hereto, the Defendants were and are residents of the State of Kentucky.

3.    This Court has jurisdiction over this accident pursuant to Colo.Rev.Stat. §13-1-124.

4.    Venue is proper under C.R.C.P. 98(c) because the Defendants are non-residents of this State.

## GENERAL ALLEGATIONS

5.    Plaintiffs hereby incorporate paragraphs 1 through 4 above by reference.

6.    On or about October 23, 2002, the Plaintiff Mark A. Meyer was a passenger in a vehicle being operated by Jessie F. Brown, Jr. eastbound on Interstate Highway 70 at approximately Mile Marker 145 in Eagle County, Colorado.

7.    The Defendant John H. Mitchell was also operating a vehicle eastbound on Interstate Highway 70 and the Defendant Garth McWilliams was a passenger in the vehicle being driven by Defendant Mitchell. The Defendant Mitchell was carrying a load which had been improperly secured by the Defendants. The load, consisting of a large trunk, fell from the Defendants' vehicle and landed in the right lane of eastbound Interstate Highway 70. The Defendant Mitchell traveled some distance after losing the trunk and then pulled onto the paved right shoulder. The Defendant McWilliams then left the vehicle and went to recover the trunk.

8.    Neither of the Defendants made any effort to place any warning devices near the trunk to alert oncoming traffic to its presence or the presence of the Defendant McWilliams.

9.    The vehicle driven by Mr. Brown approached the location of the trunk and Mr. McWilliams. Because of the absence of any warning devices, Mr. Brown was confronted with a sudden emergency and attempted to swerve to miss the trunk and Mr. McWilliams. Mr. Brown lost control of his vehicle and struck the median and later a steep embankment in the median.

10.    As a result of Mr. Brown's vehicle striking the median, the Plaintiff Mark A. Meyer was severely injured.

11.    Plaintiff Mark A. Meyer's medical costs have exceeded the $2,500.00 threshold requirement for bringing an action against the third-party tortfeasor under Colo.Rev.Stat. §10-4-714(1)(e) of the Colorado Auto Accident Reparations Act. In addition, the injuries suffered by the Plaintiff Mark A. Meyer are permanent.

2

## FIRST CLAIM FOR RELIEF (NEGLIGENCE)

12.    Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 11 above, by reference.

13.    The Defendants had a legal duty to secure the load being carried in the vehicle being driven by Defendant Mitchell so as to prevent that load from spilling onto the highway. The Defendants carelessly and negligently secured the load in such a manner as to allow it to spill onto the highway ahead of the vehicle driven by Mr. Brown.

14.    The Defendant McWilliams was further negligent by entering the highway without any lights or other warning devices to alert oncoming traffic of his presence on the Interstate Highway.

15.    The negligence of the Defendants was the direct and proximate cause of Plaintiff Mark A. Meyer's injuries.

16.    As a direct proximate result of the negligence of the Defendants, Mark A. Meyer has suffered injuries and damages directly caused by the accident as follows: (a) physical pain and suffering during and after the accident, loss of enjoyment of life, permanent disability; and, (b) medical expenses associated with medical care and treatment, loss of income, and impairment of earning capacity.

## SECOND CLAIM FOR RELIEF (LOSS OF CONSORTIUM)

17.    The Plaintiff Debbie Meyer was at all times relevant to this matter the wife of Mark A. Meyer.

18.    As a result of the injuries suffered by Mark A. Meyer, Debbie Meyer has suffered a loss of consortium.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Mark A. Meyer prays this Court award as damages caused by the accident, the following: any non-economic losses or injuries which the Plaintiff has had to the time of Trial or which the Plaintiff will probably have in the future, including physical and mental pain and suffering, and impairment of the quality of life; any economic losses or injuries which the Plaintiff has had to the time of Trial or which the Plaintiff will probably have in the future, including loss of earnings or impairment of his ability to earn money in the future, medical, hospital, and other expenses; and, any physical impairment.

FROM                                         (WED)NOV  2 2005  1:29/ST. 1:26/No. 6868516341 P  9

FURTHER, the Plaintiff Debbie Meyer prays this Court award as damages any amount necessary to compensate her for her loss of consortium.

FURTHER, the Plaintiffs requests their costs, including expert witness fees, prejudgment and post-judgment interest, and other appropriate, necessary costs of maintaining this action, and any further relief as this Court deems just and proper.

### THE PLAINTIFFS DEMAND A TRIAL TO A JURY.

Dated this **18** day of October, 2005.

Respectfully submitted,

HALL & EVANS, L.L.C.

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signature is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

/s/Bruce A. Menk

BRUCE A. MENK

ATTORNEYS FOR PLAINTIFFS
MARK MEYER and DEBBIE MEYER

Address of Plaintiffs:

Mark Meyer
Debbie Meyer
2031 Main Street
Highland, Indiana

H:\Users\MENKB\Meyer\Mitchell\emplcad\Complaint and Jury Demand.doc

4